# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| RUSTHOVEN ENTERPRISES LLC, *et al.* | Case No. 21-03863 |
| | (Joint Administration Requested) |
| Debtors.[1] | Honorable Jack B. Schmetterer |

## NOTICE OF APPLICATION

**PLEASE TAKE NOTICE** that on **April 20, 2021, at 10:00 a.m**., I will appear before the Honorable Judge Jack B. Schmetterer, or any judge sitting in that judge's place, and present the *Application of Debtors to Employ and Retain Levenfeld Pearlstein, LLC as Counsel to the Debtors Effective as of March 25, 2021* (the "Application") filed by the above-captioned debtors (the "Debtors"), a copy of which is attached hereto.

**This Application will be presented and heard telephonically using AT&T Teleconference. No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the Application, you must call in to the hearing using the following information—Toll Free Number: 1-877-336-1839; Access Code: 3900709.**

**PLEASE TAKE FURTHER NOTICE** that if you object to this Application and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the Application will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the Application in advance without a hearing.

*[Remainder of Page Intentionally Left Blank]*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal taxpayer-identification number, are: (i) Rusthoven Enterprises LLC (8546) and (ii) Landscape Consultants, Inc. (1297).

Dated:  April 13, 2021

Respectfully submitted,

**RUSTHOVEN ENTERPRISES, LLC,** *et al.*

By: ____/s/ Harold D. Israel_____

Harold D. Israel, Esq.
Sean P. Williams, Esq.
**LEVENFELD PEARLSTEIN, LLC**
2 N. LaSalle St., Suite 1300
Chicago, IL 60602
Telephone: (312) 346-8380
e-mail: hisrael@lplegal.com
e-mail: swilliams@lplegal.com

*Proposed Counsel for the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I, Harold D. Israel, the undersigned attorney, hereby certify that on April 13, 2021, I caused a copy of the **Notice of Application** and **Application of the Debtors to Employ and Retain Levenfeld Pearlstein, LLC as Counsel to the Debtors Effective as of March 25, 2021** to be filed via the Court's ECF system and served via first class U.S. Mail as indicated below.

/s/ Harold D. Israel_____

## SERVICE LIST

**VIA CM/ECF**

Robert P Handler
rhandler@com-rec.com, rhandlerscv@ecf.axosfs.com

Harold D. Israel on behalf of Debtor 1 Rusthoven Enterprises LLC
hisrael@lplegal.com,
ikropiewnicka@lplegal.com;bdroca@lplegal.com;jburns@lplegal.com;tmassat@lplegal.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Sean P. Williams on behalf of Debtor 1 Rusthoven Enterprises LLC
swilliams@lplegal.com

**VIA FIRST CLASS U.S. MAIL**

The Hartford Fin. Serv. Group
Attn: Spilotro Law Group, LLC
6160 N. Cicero Ave., Suite 650
Chicago, IL 60646

Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Illinois Department of Revenue
Bankruptcy Unit
P O Box 19035
Springfield, IL 62794

Illinois Dept of Agriculture Bureau of Environmental Programs
2280 Bethany Road, Suite B
DeKalb, IL 60115

Illinois Dept. of Employment Sec.
Benefit Payment Control Division
P O Box 4385
Chicago, IL 60680

Int'l Union of Op. Eng. (Local 150)
Attn: Legal Dept.
6140 Joliet Rd.
La Grange, IL 60525

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RUSTHOVEN ENTERPRISES LLC, *et al.* | ) | Case No. 21-03863 |
| | ) | (Joint Administration Requested) |
| | ) | |
| Debtors.[1] | ) | Honorable Jack B. Schmetterer |
| | ) | |

**DEBTORS' APPLICATION TO EMPLOY AND RETAIN LEVENFELD**
**PEARLSTEIN, LLC AS COUNSEL TO THE DEBTORS**
**EFFECTIVE AS OF MARCH 25, 2021**

The above-captioned debtors and debtors-in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby file their application (the "Application") for entry of an order under section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing them to retain and employ Levenfeld Pearlstein, LLC ("LP") as its counsel, effective as of March 25, 2021.  In support of this Application, the Debtors submit the Israel Declaration, a copy of which is attached hereto as Exhibit A, and respectfully state as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue of this proceeding and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1]      The debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal taxpayer-identification number, are: (i) Rusthoven Enterprises LLC (8546) and (ii) Landscape Consultants, Inc. (1297).

## BACKGROUND

3.       On March 25, 2021 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "<u>Court</u>").   The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.       The Debtors have elected to proceed under subchapter V of Chapter 11, as they have, in the aggregate as of the Petition Date, liquidated, non-contingent debt in an amount less than $7.5 million.  No creditors' committee has been appointed in the Chapter 11 Cases pursuant to section 1102(a)(3) of the Bankruptcy Code.  A chapter 11 trustee or examiner have not been appointed, however, in accordance with section 1183 of the Bankruptcy Code, Robert Handler has been appointed the Subchapter V trustee (the "<u>Subchapter V Trustee</u>") in the Chapter 11 Cases.

## RELIEF REQUESTED

5.       By this Application, the Debtors respectfully request that the Court enter an order under section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) authorizing the Debtors to employ and retain LP as their counsel to perform the legal services that will be necessary during the Chapter 11 Cases, effective as of the Petition Date.

## LP'S QUALIFICATIONS

6.       LP has extensive experience and knowledge in the fields of corporate reorganization and bankruptcy law and is particularly well qualified for the type of representation that is required by the Debtors.

## SERVICES TO BE PROVIDED

7.       The Debtors contemplate that the legal services to be rendered by LP may include,

2

but shall not be limited to, the following:

a.    advising the Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of their businesses;

b.    attending meetings and negotiating with representatives of creditors and other parties in interest;

c.    taking all necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors' interests in negotiations concerning all litigation in which the Debtors are involved, including objections to claims filed against their estates;

d.    preparing all motions, applications, answers, orders, reports, and papers necessary to the administration of the Debtors' estates and their Chapter 11 Cases;

e.    taking any necessary action on behalf of the Debtors to obtain approval of a plan of reorganization;

f.    representing the Debtors in connection with obtaining use of cash collateral;

g.    advising the Debtors in connection with any potential sale of assets;

h.    appearing before the Court, any appellate courts, and the United States Trustee and protecting the interests of the Debtors' estates before those courts and the United States Trustee; and

i.    performing all other necessary legal services to the Debtors in connection with the Chapter 11 Cases, including, without limitation, (i) the analysis of the Debtors' leases and executory contracts and the assumption, rejection, or assignment thereof, (ii) the analysis of the validity of liens against the Debtors, and (iii) advice on corporate, litigation, and other matters.

### **TERMS OF RETENTION**

8.    The Debtors request that all legal fees and related costs incurred by the Debtors on account of services rendered by LP in these Chapter 11 Cases be paid as an administrative expense of the Debtors' estates in accordance with the Bankruptcy Code and applicable orders entered in the Chapter 11 Cases. Subject to the Court's approval, LP will charge for its legal services on an

hourly basis, billed in tenth-of-an-hour increments, in accordance with its hourly rates in effect on the date that such services are rendered. LP's billing rates for attorneys for the 2021 calendar year range from approximately $380 to $490 per hour for associates, $470 to $750 for counsel, and $480 to $950 per hour for partners. Time devoted by legal assistants and paralegals for the 2021 calendar year is expected to be charged at billing rates ranging from approximately $175 to $360 per hour. These hourly rates are subject to periodic adjustments to reflect economic and other conditions. LP will maintain detailed records of any actual and necessary costs incurred in connection with the aforementioned legal services. LP intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois.

9.      The names, positions, and hourly rates for the 2021 calendar year of the LP professionals presently expected to be primarily responsible for providing services to the Debtors are Harold D. Israel – partner ($610/hour) and Sean P. Williams – associate ($460/hour).[2] In addition, from time to time, it will be necessary for other LP professionals to provide services to the Debtors.

10.     It is LP's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's cases that would not have been incurred except for representation of that particular client. It is also LP's policy to charge its clients only the amount actually incurred by LP in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying and printing, outgoing facsimile transmissions,

---

[2]      The rates charged by each LP professional differ based on, among other things, such professional's level of experience and the rates normally charged by similar professionals.

mileage, meals, and lodging.

## LP'S DISINTERESTEDNESS

11.     The standard for a debtor in possession to employ attorneys as general bankruptcy counsel is set forth in sections 327(a) and 1107 of the Bankruptcy Code, as interpreted by the Seventh Circuit.  Those sections provide that a debtor in possession, with the court's approval, may employ attorneys "that do not hold or represent an interest adverse to the estates" and that are "disinterested persons."  11 U.S.C. §§ 327(a), 1107; see also In re Granite Sheet Metal Works, Inc., 159 B.R. 840, 845 (Bankr. S.D. Ill. 1993) ("The debtor in possession's choice of counsel is limited to disinterested persons who do not hold or represent an interest adverse to the estates."). A "disinterested person" is defined as one who does not have an interest materially adverse to the interest of the estate, by reason of any direct or indirect relationship with the Debtors, or for any other reason. 11 U.S.C. § 101(14)(e).  In general, however, subject to the requirements of sections 327(a) and 1107, a debtor in possession is entitled to the counsel of their choosing.  See, e.g., In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

12.     Prior to the commencement of these Chapter 11 Cases, on March 11, 2021, LP received $20,000.00 and on March 25, 2021, LP received $10,000.00 from the Debtors.  Prior to filing, as set forth below, LP applied $21,407.50 to prepetition invoices, leaving a balance of $8,592.50 as of March 25, 2021.[3]  On April 9, 2021, LP received a retainer in the amount of $10,000.00, leaving a balance of $18,592.50 (the "Retainer") as of April 9, 2021.

13.     In addition, LP represented the Debtors with respect to pending (currently stayed) litigation and general corporate matters.    The following is a summary of prepetition payment of

---

[3]     LP represented the Debtors in connection with other litigation and corporate matters that were not related to the Debtors' bankruptcy case.

fees and expenses for services rendered in contemplation of or in connection with the Chapter 11

Cases:

| Invoice Date | Payment Date | Matter | Amount |
|---|---|---|---|
| 3/25/2021 | 3/25/2021 | Bankruptcy | $12,171.50 |

14.     The balance of the Retainer will be held to be applied for post-petition fees and expenses as approved by the Court.

15.     To the best of the Debtors' knowledge, and except as disclosed in the Israel Declaration, LP does not hold or represent any interest adverse to the Debtors' estates.  LP is a "disinterested person," as that phrase is defined in section 101(14) of the Bankruptcy Code (as modified by section 1107(b) of the Bankruptcy Code), and LP's employment is necessary and in the best interests of the Debtors and the Debtors' estates.

16.     Consistent with Bankruptcy Rule 2016(b), LP has not shared or agreed to share (a) any compensation it has received or may receive in connection with this chapter 11 case with another party or person, other than with the partners, of counsel, associates, contractors, law clerks, and employees associated with LP or (b) any compensation another person or party has received or may receive in connection with these Chapter 11 Cases.

## NOTICE

17.     Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) the parties listed on both Debtors' list of their twenty largest (20) unsecured creditors, as identified in their chapter 11 petitions; (c) the Subchapter V Trustee; and (d) all taxing agencies listed in the Debtors' petition; and (e) all parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors respectfully submit that that no further notice is required.

**WHEREFORE**, the Debtors respectfully request the entry of an order: (a) authorizing and

approving the employment and retention of LP as counsel to the Debtors effective as of the Petition

Date and (b) granting such other and further relief as the Court deems appropriate.

Dated:  April 13, 2021

Respectfully submitted,

**RUSTHOVEN ENTERPRISES, LLC,** *et*
*al.*

Brian R. Rusthoven

By:   /s/ Harold D. Israel

Harold D. Israel, Esq.
Sean P. Williams, Esq.
**LEVENFELD PEARLSTEIN, LLC**
2 N. LaSalle St., Suite 1300
Chicago, Illinois 60602
Telephone: (312) 346-8380
e-mail: hisrael@lplegal.com
e-mail: swilliams@lplegal.com

*Proposed Counsel for the Debtors and*
*Debtors in Possession*

## **EXHIBIT A**

## **DECLARATION OF HAROLD D. ISRAEL**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RUSTHOVEN ENTERPRISES LLC, *et al.* | ) | Case No. 21-03863 |
| | ) | (Joint Administration Requested) |
| | ) | |
| Debtors.[1] | ) | Honorable Jack B. Schmetterer |
| | ) | |

**DECLARATION OF HAROLD D. ISRAEL IN SUPPORT OF
DEBTORS' APPLICATION TO EMPLOY AND RETAIN LEVENFELD
PEARLSTEIN, LLC AS COUNSEL TO THE DEBTORS
EFFECTIVE AS OF MARCH 25, 2021**

I, Harold D. Israel, being duly sworn, state the following under penalty of perjury.

1.      I am a partner in the law firm of Levenfeld Pearlstein, LLC ("LP"), located at 2 North LaSalle Street, Suite 1300, Chicago, Illinois 60602.  I am a member in good standing of the Bar of the State of Illinois and am admitted to practice before the United States Court of Appeals for the Second, Seventh, and Tenth Circuits, the United States District Courts for the Northern and Central Districts of Illinois, the United States District Court for the Eastern District of Michigan, and the United States District Courts for the Eastern and Western Districts of Wisconsin.  There are no disciplinary proceedings pending against me.

2.      I am in all respects competent to make this declaration (the "Declaration") in support of the application (the "Application") of the above-captioned Debtors (the "Debtors") to retain LP as their counsel pursuant to section 327(a) of title 11 of the United States Code (the

---

[1]      The debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal taxpayer-identification number, are: (i) Rusthoven Enterprises LLC (8546) and (ii) Landscape Consultants, Inc. (1297).

"Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

3.　　In connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases"),

the Debtors have requested authorization to generally retain LP as their attorneys.  The Debtors

currently seek to retain LP, subject to the oversight and orders of the Court, to advise the Debtors

with respect to certain matters, including, but not limited to the following:

a.　　advising the Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of their businesses;

b.　　attending meetings and negotiating with representatives of creditors and other parties in interest;

c.　　taking all necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors' interests in negotiations concerning all litigation in which the Debtors are involved, including objections to claims filed against their estates;

d.　　preparing all motions, applications, answers, orders, reports, and papers necessary to the administration of the Debtors' estates and their Chapter 11 Cases;

e.　　taking any necessary action on behalf of the Debtors to obtain approval of a plan of reorganization;

f.　　advising the Debtors in connection with any potential sale of assets;

g.　　appearing before the Court, any appellate courts, and the United States Trustee and protecting the interests of the Debtors' estates before those courts and the United States Trustee; and

h.　　performing all other necessary legal services to the Debtors in connection with the Chapter 11 Cases, including, without limitation, (i) the analysis of the Debtors' leases and executory contracts and the assumption, rejection, or assignment thereof, (ii) the analysis of the validity of liens against the Debtors, and (iii) advice on corporate, litigation, and other matters.

4.      The Debtors request that all legal fees and related costs incurred by the Debtors on account of services rendered by LP in these Chapter 11 Cases be paid as an administrative expense of the Debtors' estates in accordance with the Bankruptcy Code and applicable orders entered in the Chapter 11 Cases.

5.      LP will charge for its legal services on an hourly basis, billed in tenth-of-an-hour increments, in accordance with its hourly rates in effect on the date that such services are rendered. LP's billing rates for attorneys for the 2021 calendar year range from approximately $380 to $490 per hour for associates, $470 to $750 for counsel, and $480 to $950 per hour for partners.  Time devoted by legal assistants and paralegals for the 2021 calendar year is expected to be charged at billing rates ranging from approximately $175 to $360 per hour.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions.  LP will maintain detailed records of any actual and necessary costs incurred in connection with the aforementioned legal services. LP intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois.

6.      The names, positions, and hourly rates for the 2021 calendar year of the LP professionals presently expected to be primarily responsible for providing services to the Debtors are: Harold D. Israel – partner ($610/hour) and Sean P. Williams – associate ($460/hour).  In addition, from time to time, it will be necessary for other LP professionals to provide services to the Debtors.

7.      It is LP's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's cases that would not have been incurred except for representation of that particular client.  It is also LP's policy to charge its clients only

the amount actually incurred by LP in connection with such items.  Examples of such expenses are postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, document printing and photocopying, outgoing facsimile transmissions, airfare, meals, and lodging.

### LP'S DISINTERESTEDNESS

8.    Prior to the commencement of these Chapter 11 Cases, on March 11, 2021, LP received $20,000.00 and on March 25, 2021, LP received $10,000.00 from the Debtors.  Prior to filing, as set forth below, LP applied $21,407.50 to prepetition invoices, leaving a balance of $8,592.50 as of March 25, 2021.[2]  On April 9, 2021, LP received a retainer in the amount of $10,000.00, leaving a balance of $18,592.50 (the "Retainer") as of April 9, 2021.

9.    In addition, LP represented the Debtors with respect to pending (currently stayed) litigation and general corporate matters.    The following is a summary of prepetition payment of fees and expenses for services rendered in contemplation of or in connection with the Chapter 11 Cases:

| Invoice Date | Payment Date | Matter | Amount |
|---|---|---|---|
| 3/25/2021 | 3/25/2021 | Bankruptcy | $12,171.50 |

10.    The balance of the Retainer will be held to be applied for post-petition fees and expenses as approved by the Court.

11.    In preparing this affidavit and the Application, LP used a set of procedures established to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules.  In that regard, a list of known parties in interest is attached hereto as Schedule 1 (the ''Conflicts Check List'').

---

[2]    LP represented the Debtors in connection with other litigation and corporate matters that were not related to the Debtors' bankruptcy case.

12.     In connection with its proposed retention by the Debtors in these Chapter 11 Cases,
LP researched its computer client database to determine whether it has any relationships with any
of the entities listed in the Debtors' mailing matrix filed with the petition.  LP's conflict database
includes the names of: (i) current and former clients and, where practical, the known affiliates of
those clients; (ii) current and former adverse parties; and (iii) certain current and former related
parties in matters upon which LP has been or is currently engaged.

13.     LP maintains and systematically updates its conflict check system in the regular
course of its business, and it is the regular practice of LP to make and maintain these records.  It
is the policy of LP that no new matter be accepted or opened within the firm without completing
and submitting to those charged with maintaining the conflict check system the information
necessary to check each such matter for conflicts, including the identity of the prospective client,
the matter, and the related adverse parties.  Accordingly, it is LP's regular practice to update its
database for every new matter undertaken by LP.

14.     Insofar as I have been able to ascertain, neither I, LP, nor any partner or associate
at LP, represent or have any connection with any of the parties in interest listed on <u>Schedule 1</u>.  In
addition to providing workout and bankruptcy advice to the Debtors prior to and in connection
with the Chapter 11 Cases, LP represented the Debtors in connection with litigation pending in the
United States District Court for the Northern District of Illinois and with respect to general
corporate matters.  LP otherwise has no connection to any party-in-interest in the Chapter 11 Cases.

15.     Consistent with Bankruptcy Rule 2016(b), LP has not shared or agreed to share
(a) any compensation it has received or may receive in connection with this chapter 11 case with
another party or person, other than with the partners, of counsel, associates, contractors, law clerks,

and employees associated with LP or (b) any compensation another person or party has received or may receive in connection with these Chapter 11 Cases.

16.     In accordance with Local Rule 2016-1, a copy of the engagement agreement between LP and the Debtors are attached hereto as <u>Exhibit 1</u>.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 13, 2021

/s/ Harold D. Israel

**<u>SCHEDULE 1</u>**
**Potential Parties in Interest**

**Debtors/Affiliates/Equity Holders**

Landscape Consultants, Inc.
Rusthoven Enterprises LLC
Brian R. Rusthoven
Leigh Rusthoven

**Parties in Interest**

A & W Trailer
AAA Garage Door
AK Mulch
AmTrust
Anderson Landscape Supply
AT&T
Atomic Transmissions
Barclays
Big Trees, Inc
Breezy Hill Nursery
Buttrey Rental
Card Services
Cedar Path Nursery
Central Sod
Central Turf & Irrigation
City of Chicago
City of Oak Brook Terrace
CJ Fiore Nursery
Clarendon Hardware
Clarendon Hills Park District
CNA Surety
College of DuPage
Commercial Lawn Mower Repair
Competitve Yard Worx
Construction Industry Research and
Cook County Collector
Costco
Countryside Welding
CSC
Curb Cutters
D n B Auto Glass
Danzi Bros
Dawson Tree Service
Dazzle Auto Detail
DeGroot, Inc
DeLuxe Business Solutions
Department of the Treasury -- Internal
    Revenue Service

Des Plaines Material
DeVroomen Bulb Co
Direct Marketing Service
Dirt, Inc
Distant Horizon, Inc
DK Organics
DMJ Automotive
Domain Listings
Donegal Excavating
Downers Grove Auto Rebuilders
DuPage County Treasurer
DuPage Topsoil
DuPage Welding
Elmhurst Auto Care
Elmhurst Chicago Stone
Engineering Resource Associates
Excalabur Detailing
Fiore Nursery
Focal Point Communications
Fox Valley Excavating
Frank Gentile
Frankenmuth Insurance
Franks Auto
Gary Galassi Stone
GIE + EXPO
GMAC
Grabowski Law Center
Grange Insurance
Groot Disposal
Henry Rosedale
Hidden Gardens
Hinsdale Engineering
Hinsdale Nursery
Home Depot
Homer Industries
Honey Bucket
Hortica
ICW Group
Illinois Commerce Commission
Illinois Department of Revenue--Bankruptcy
    Unit
Illinois Dept of Agriculture--Bureau of
    Environmental Programs
Illinois Dept of Public Health
Illinois Dept. of Employment Sec.--Benefit
    Payment Control Division

Illinois Landscape Supply
Illinois Portable Truck Inspection
Illinois Tollway Authority
Insurance Solutions Network
Int'l Union of Op. Eng. (Local 150)
Jaso Enterprises
Jesse Auto Repair
Kieft Bros
Kovar Signs
Kustom Kar Solutions
LaGrange Materials
Landscape Materials
Lang Ice Company
Lincoln Retirement Financial Servic
Local 150 IUOE Vacation Savings Pla
Lurveys
Marsan Turf & Irrigation
Menards
Meno Stone
Metal Supermarkets
Midwest Groundcovers
Midwest Operating Engineers F. B. F
Midwest Operating Engineers Pension
Murillo Carpentry
Nicor Natural Gas
North Shore Gas Co
Northfield Block
Operating Engineers Local 150
Paypal
Phoenix Irrigation Supply
Plumbers JAC Local 130
Poul's Nursery
Quality Turf
Quick Attach Attachments LLC
Quicken
Railroad Maint & Indust. Health Fund
Railroad Maintenance & Industrial H
RC Topsoil
Reds Garden Center
Russo's
Rusthoven Mechanical Industries
S & S Electric
Schomig Land Surveyors
Schwake Stone Co
Shemin Nuseries, Inc
Sid Kamp Trucking

Sid Kamp, Inc
Simple Sanitation
Site One
SIUE
Small Engine Warehouse
State Disbursement Unit
Stillwater Automotive
Strada Auto Body
Sub Trailer Service
T & C
Tameling Industries
Tarp Supply Inc
The Hartford Fin. Serv. Group
Thomas Pump Co.
Travelers Insurance
Unilock
Vermeer Midwest
Village of Clarendon Hills
Village of Hillside
Village of Stone Park
Village of Villa Park
Village of Western Springs
Village of Willowbrook
Westmore Supply
Wilson Nursery

**Bankruptcy Judges**
Chief Judge A. Benjamin Goldgar
Judge Janet S. Baer
Judge Timothy A. Barnes
Judge Donald R. Cassling
Judge David D. Cleary
Judge Jacqueline P. Cox
Judge Carol A. Doyle
Judge LaShonda A. Hunt
Judge Thomas M. Lynch
Judge Jack B. Schmetterer
Judge Deborah L. Thorne

**Office of the U.S. Trustee, Region 11**
Adam Brief
Patricia Brasier
Joanne W. Burne
Michelle M. Engel
Spencer Ezell
Jeffrey L. Gansberg

| | |
|---|---|
| Julie Hearn | Ifeoma Oraegbu |
| David Holtkamp | Patricia A. Parker |
| Andrew Hunt | M. Gretchen Silver |
| Maria Kaplan | Jeffrey Snell |
| Keith E. Manikowski | Roman L. Sukley |
| Laura Mccabe | Thomas Thornton |
| Rita Mierzwa | Jennifer Toth |
| Jeremiah Nelson | Connie Jean Warner |
| Ha Nguyen | Stephen G. Wolfe |
| Kathryn O'Kelly | Marie Yapan |

**<u>EXHIBIT 1</u>**
**Engagement Letter**



2 North LaSalle Street, Suite 1300
Chicago, Illinois 60602
(312) 346-8380
Fax: (312) 346-8434
www.lplegal.com

**Harold D. Israel**
Partner
(312) 476-7573
hisrael@lplegal.com

February 18, 2021

**VIA ELECTRONIC MAIL**

Mr. Brian Rusthoven
Rusthoven Enterprises LLC
Landscape Consultants, Inc. d/b/a Phil Robin Landscapes
9541 Witham Lane
Woodridge, IL 60517

brian@philrobin.com

     **Re:**    **Engagement of Levenfeld Pearlstein, LLC**

Dear Brian:

Levenfeld Pearlstein, LLC ("*LP*" or "*Firm*") appreciates your interest in our legal services.  LP's policy is to confirm the nature of the engagement and the basis on which the Firm will provide legal services and bill for them.

This letter confirms our agreement that LP will represent Rusthoven Enterprises LLC and Landscape Consultants, Inc. d/b/a Phil Robin Landscapes ("*you*") in connection with their anticipated subchapter V chapter 11 bankruptcy cases (collectively, the "*Bankruptcy Case*") in the United States Bankruptcy Court for the Northern District of Illinois (the "*Bankruptcy Court*").  This particular engagement is limited to the performance of the services we discussed and supersedes any prior engagement letters.

My colleague Sean Williams and I will have the primary responsibility for your representation, and for keeping you informed of the status of our work, but consultation with other professionals in our firm may be necessary.  My hourly rate is $610, Sean's rate is $460, and the rates for other professionals range from $360 to $950 for attorneys and $315 to $375 for paralegals.  Our fees and services will be based on the time spent on the matter, computed at our hourly rates for the persons performing the services.

At the outset of our relationship, we will require an initial advance payment retainer of $25,000 (the "*Initial Retainer*").  This amount should be wire transferred to the following account:

|  |  |
|---|---|
| Wire to: | Wintrust Bank |
|  | 190 S. LaSalle Street, 22nd Fl. |
|  | Chicago, Illinois 60603 |
| ABA Number: | 071925444 |
| Account Name: | Levenfeld Pearlstein, LLC |
| Account No.: | 6350020367 |
| SWIFT Code: | NSCTUS44 |

Because this retainer is classified as an "advance payment", you and our Firm agree that the retainer is an immediate prepayment of fees in exchange for our commitment to perform future services in connection

Mr. Brian Rusthoven
Rusthoven Enterprises LLC, *et al*.
February 18, 2021
Page | 2

with the representation.  As such, these funds are treated as Firm funds (and not your funds) and will <u>not</u> be placed in our client trust account.  Rather, this advance payment retainer will be deposited into our general operating account.

Each month as bills are issued to you, the balance held as the advance payment retainer will be applied against the amount owed to our Firm.  When our fees and expenses approach the amount of the Initial Retainer, you agree to replenish the Initial Retainer by paying us $10,000 (or such other amount as we may agree on) within two days of such request (and such amount, a "*Supplemental Retainer*").  Any such Supplemental Retainer will also be treated as an advance payment retainer unless agreed otherwise by the Firm in writing.  In furtherance of the foregoing, you agree to replenish the Initial Retainer (including any Supplemental Retainer) prior to the filing of the Bankruptcy Case in an amount sufficient that we have a $25,000 retainer as of the filing of the Bankruptcy Case.  If we request that you pay a Supplemental Retainer, and you do not do so promptly, you hereby authorize us to terminate our representation of you (unless any rule or statute or tribunal with jurisdiction precludes us from doing so). We may request one or more Supplemental Retainers.  If any sum is unapplied once the engagement has ended, this amount will be refunded to you.  Note, the amount of our fees is not limited to the amount of the retainer and (as such) the retainer is not to be considered a flat fee for the representation.

The Firm's *Standard Terms of Engagement for Legal Services* are attached and incorporated as part of the terms of this Engagement Letter and will govern both the present engagement and any future assignments we accept from you, unless we otherwise agree.

If you decide to engage LP under the terms and conditions set forth in this letter and the attachment, please sign a copy of this letter where indicated below and forward it to me for our files.  You should retain a copy for yourself.

We are very pleased to be given the opportunity to represent you in this matter.  LP is committed to providing you with the best legal representation possible.  Please do not hesitate to contact me should you have any questions.

Best regards,

Harold D. Israel

Mr. Brian Rusthoven
Rusthoven Enterprises LLC, *et al.*
February 18, 2021
Page | 3

\*      \*      \*      \*      \*

The undersigned acknowledge, agree and consent to the terms and understandings set forth in the above letter and the attached *Standard Terms of Engagement for Legal Services*.

RUSTHOVEN ENTERPRISES LLC

By: _____

Title: _President_____

Dated: _3 / 11_____, 2021

LANDSCAPE CONSULTANTS, INC. D/B/A PHIL ROBIN LANDSCAPES

By: _____

Title: _President_____

Dated: _March 11_____, 2021

Enclosure: *Standard Terms of Engagement for Legal Services*



# TERMS OF ENGAGEMENT

## Standard Terms of Engagement for Legal Services

**Why It Is Important That You Read This.** These Terms of Engagement set forth our agreement with you with respect to certain important matters. They cannot be changed unless modified in writing. You should read them carefully and contact us if you have any questions or do not understand what they mean. You should keep a copy in your file.

**The Scope of Our Work for You.** The scope of our engagement (what legal work we will be doing for you) will be set forth in a separate cover letter (the "Engagement Letter"). Any agreement to expand the scope of our representation must be in writing.

**Who Do We Represent?** For purposes of our engagement, our only client is the entity or person(s) designated in our Engagement Letter and not any other person or entity. For example, and unless stated in writing, we are not representing investors, relatives, beneficiaries, affiliates, subsidiaries, parent companies, directors, officers, or individual members or partners of any trade association, partnership or joint venture.

**Our Fees and Expenses.** Our current rates are set forth in the Engagement Letter. We will also bill you for all reasonable expenses incurred, such as database access charges, transportation costs, outside copying charges, filing fees, and litigation-related costs. Any revised rates and charges will take effect immediately when revised and without notice.

**Payment of Our Invoices.** Our invoices are payable on receipt. If our invoices are not timely paid, we may require a retainer as a condition to continue our representation of you or stop work or withdraw from representing you.

**Your Responsibilities.** In order to provide you with the best possible legal services, and to allow us to comply with our ethical obligations, it is important that the information you provide to us is as complete and accurate as possible. In particular, you should advise us of any changes in the ownership or structure of your business, and any other entities or names through which you conduct your business so that we can better identify conflicts of interest that either currently exist, or that may arise after our representation has begun.

**Our Email Communications to You.** The documents sent to you by email will not be encrypted unless you request this in writing and we are able to do so. Privileged emails sent to your place of business may not retain their privilege if opened or stored on your employer's computer or server.

We will make reasonable attempts to exclude from emails and attachments any virus or other defect that might affect a computer or IT system. However, it is your responsibility to put in place measures to protect your own computer or IT systems against any such virus or defect and we do not accept any liability for any loss or damage that may arise from the receipt or use by you of electronic communications sent from us.

**Conflicts of Interest.** As your lawyers, we will always honor our ethical duty of confidentiality to you. Without detracting from this duty, you agree that we may, without your prior consent, represent other persons or entities whose interests are adverse to yours in matters not substantially related to our engagement by you. This includes, but is not limited to, representing another client with interests adverse to your affiliates or subsidiaries. We will not, however, act adversely to you in any situation where, as the result of our representation of you, we have obtained proprietary or other confidential information of a non-public nature that could be used to your material disadvantage.

**Insurance Coverage.** You may have an insurance policy that provides an indemnification of liability or reimbursement of our legal fees related to the subject of this representation. As such, it is critical that you immediately put your insurance carrier(s) and/or insurance broker(s) on notice of any actual or potential claim; otherwise, you may jeopardize your right to any available coverage. It is not our responsibility to

TERMS OF ENGAGEMENT

advise you of the existence or applicability of any insurance coverage unless we have agreed to do so in writing. If an insurer pays a portion of our fees or costs, you are still responsible for any amounts not paid by your insurer.

**When Is Our Relationship Terminated?** Our attorney-client relationship is terminated when we complete the services for which you have hired us or, if open-ended, when more than six months has elapsed since we last billed you. If you later retain us to perform additional services, our attorney-client relationship will be revived, subject to these Terms of Engagement and any subsequent Engagement Letter.

We can terminate our representation of you at any time and for any reason consistent with the applicable rules of professional responsibility. You can also terminate our representation at any time and for any reason. All terminations must be in writing and will not affect your responsibility to pay any outstanding legal bills. You agree that, until such time that our legal bills are paid in full, we will have a retaining lien on all your files.

We may, from time to time, inform you of recent developments in the law or send you a firm marketing newsletter. This does not mean our attorney-client relationship has been revived.

**Your Papers.** The documents you give us or that we create for you will, at your request, be delivered to you. Drafts of documents, internal communications, and other work product belong to us and will not be delivered. We reserve the right to destroy your files in accordance with our internal retention policies.

**Use of Cloud and Third-Party Services for the Storage and Processing of Data.** We use third-party service providers (including "cloud" services) to provide legal services to you. We evaluate third-party service providers to confirm their adherence to industry standard frameworks for information security and to protect the confidentiality, integrity and availability of data and applicable data protection laws.

If you require us to use a specific consumer-grade cloud storage provider (e.g., the free, non-enterprise versions of Dropbox.com, Box.com, Onedrive.com, etc.) for the storage, sharing or exchange of documents or information generated or used in the course of a specific engagement, we assume no responsibility for the security of the data or the provider's security standards. We provide our own secure, encrypted file transfer system, as well as a secure extranet, to facilitate the storage and sharing of information between you and us.

**Privacy and Data Protection.** As a "data controller" and in order for us to comply with legal and regulatory obligations, you agree that we may obtain, use, process and disclose personal information about you and your business, company, partner, shareholders, members, officers and employees. When processing personal information, we will endeavor to comply with the requirements of any relevant data protection legislation and regulations.

Under the General Data Protection Regulation (EU) ("GDPR") you are considered to be an independent controller responsible for complying with any applicable data protection laws and regulations with respect to the personal data you possess and process. Accordingly, when you disclose personal information to us, you affirm that such disclosure is lawful and does not otherwise contravene any relevant data protection laws and regulations. Nothing in these Terms of Engagement or Engagement Letter relieves you of your own responsibilities under any relevant data protection laws and regulations.

**Dispute Resolution.** Any demands, claims or disputes arising out of the services provided by our firm, our attorney-client relationship or these Terms of Engagement including, but not limited to, claims for fees or costs, breach of contract, tort or claims of professional negligence, shall be brought exclusively in the federal and state courts located in Chicago, Illinois. You agree to irrevocably submit to the jurisdiction of the federal and state courts located in Chicago, Illinois and waive any claim that you are not subject to jurisdiction on the grounds that the forum is not convenient.

**WAIVER OF TRIAL BY JURY**. YOU IRREVOCABLY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING RELATED TO THESE TERMS OF ENGAGEMENT OR OUR ATTORNEY-CLIENT RELATIONSHIP.