**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RUSTHOVEN ENTERPRISES LLC, *et al.* | ) | Case No. 21-03863 |
| | ) | (Joint Administration Requested) |
| | ) | |
| Debtors.[1] | ) | Honorable Jack B. Schmetterer |
| | ) | |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **April 20, 2021, at 10:00 a.m.**, I will appear before the Honorable Judge Jack B. Schmetterer, or any judge sitting in that judge's place, and present the *Motion for Entry of an Order Granting (I) Authority to Continue Using Existing Bank Accounts, Business Forms, and Cash Management System for a Limited Time Period, and Pay All Fees Related Thereto; And (II) Related Relief* (the "Motion") filed by the above-captioned debtors (the "Debtors"), a copy of which is attached hereto.

**This Motion will be presented and heard telephonically using AT&T Teleconference. No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the Motion, you must call in to the hearing using the following information—Toll Free Number: 1-877-336-1839; Access Code: 3900709.**

**PLEASE TAKE FURTHER NOTICE** that if you object to this Motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the Motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the Motion in advance without a hearing.

*[Remainder of Page Intentionally Left Blank]*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal taxpayer-identification number, are: (i) Rusthoven Enterprises LLC (8546) and (ii) Landscape Consultants, Inc. (1297).

Dated: April 13, 2021

Respectfully submitted,

**RUSTHOVEN ENTERPRISES, LLC,** *et al.*

By: /s/ Harold D. Israel

Harold D. Israel, Esq.
Sean P. Williams, Esq.
**LEVENFELD PEARLSTEIN, LLC**
2 N. LaSalle St., Suite 1300
Chicago, IL 60602
Telephone: (312) 346-8380
e-mail: hisrael@lplegal.com
e-mail: swilliams@lplegal.com

*Proposed Counsel for the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

      I, Harold D. Israel, an attorney, hereby certify that on April 13, 2021, I caused the above-referenced motion to be filed and served to the following parties via CM/ECF and first-class U.S. mail, as indicated.

                                     /s/ Harold D. Israel

**VIA CM/ECF**

Robert P Handler
rhandler@com-rec.com, rhandlerscv@ecf.axosfs.com

Harold D. Israel on behalf of Debtor 1 Rusthoven Enterprises LLC
hisrael@lplegal.com,
ikropiewnicka@lplegal.com;bdroca@lplegal.com;jburns@lplegal.com;tmassat@lplegal.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Sean P. Williams on behalf of Debtor 1 Rusthoven Enterprises LLC
swilliams@lplegal.com

**VIA FIRST CLASS U.S. MAIL**

The Hartford Fin. Serv. Group
Attn: Spilotro Law Group, LLC
6160 N. Cicero Ave., Suite 650
Chicago, IL 60646

Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Illinois Department of Revenue
Bankruptcy Unit
P O Box 19035
Springfield, IL 62794

Illinois Dept of Agriculture Bureau of Environmental Programs
2280 Bethany Road, Suite B
DeKalb, IL 60115

Illinois Dept. of Employment Sec.
Benefit Payment Control Division
P O Box 4385

Chicago, IL 60680

Int'l Union of Op. Eng. (Local 150)
Attn: Legal Dept.
6140 Joliet Rd.
La Grange, IL 60525

Bank of America, N.A.
100 North Tryon Street
Charlotte, NC 28255

West Suburban Bank
711 S. Westmore-Meyers Road
Lombard, IL 60148

PNC Bank
222 Delaware Avenue
Wilmington, DE 19899

Community Bank of Willowbrook
6262 IL-83
Willowbrook, IL 60527

Fifth Third Bank, N.A.
38 Fountain Square Plaza
Cincinnati, OH 45263

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| RUSTHOVEN ENTERPRISES LLC, *et al.* ) | |
| ) | Case No. 21-03863 |
| ) | (Joint Administration Requested) |
| Debtors.¹ ) | |
| ) | Honorable Jack B. Schmetterer |
| ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER GRANTING**
**(I) AUTHORITY TO CONTINUE USING EXISTING BANK ACCOUNTS, BUSINESS**
**FORMS, AND CASH MANAGEMENT SYSTEM, AND PAY ALL FEES**
**RELATED THERETO; AND (II) RELATED RELIEF**

Rusthoven Enterprises LLC ("RE") and Landscape Consultants, Inc. ("LCI" and collectively with RE, the "Debtors"), debtors and debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby file this motion (the "Motion"), pursuant to sections 105(a), 345, 363, and 364(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order: (i) granting limited authority to continue using existing bank accounts, business forms, cash management system, and credit card programs, and authorizing payment of all fees related thereto; and (ii) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

---

¹ The debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal taxpayer-identification number, are: (i) Rusthoven Enterprises LLC (8546) and (ii) Landscape Consultants, Inc. (1297).

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Chapter 11 Case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

### A. General Background

3. On March 25, 2021 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtors have elected to proceed under subchapter V of Chapter 11, as they have, in the aggregate as of the Petition Date, liquidated, non-contingent debt in an amount less than $7.5 million. No creditors' committee has been appointed in the Chapter 11 Cases pursuant to section 1102(a)(3) of the Bankruptcy Code. A chapter 11 trustee or examiner have not been appointed, however, in accordance with section 1183 of the Bankruptcy Code, Robert Handler has been appointed the Subchapter V trustee (the "Subchapter V Trustee") in the Chapter 11 Cases.

### A. Overview of the Debtors' Bank Accounts and Cash Management System

5. The Debtors maintain an integrated, cash management system in the ordinary course of business to collect, transfer, and disburse funds generated by their operations (the "Cash Management System"). Brian R. Rusthoven and his wife, Leigh Rusthoven, the parties in control of both Debtors, maintain oversight of the Cash Management System. The Debtors submit that

preservation of the Cash Management System will prevent undue disruption to the Debtors' business operations, while protecting the Debtors' cash for the benefit of their estates.

6. RE's Cash Management System consists of two main operating accounts (the "Bank Accounts"). RE's Bank Accounts are at Bank of America ("BofA") and West Suburban Bank ("WSB"), both stable financial institutions.

7. The Cash Management System has two main components – cash receipts and cash disbursements. With respect to cash receipts, RE collects revenue from sales and services in its BofA bank account. Cash disbursements, on the other hand, may be made from either of the RE's two bank accounts. RE processes check runs on an as needed basis to pay invoices that have been approved for payment primarily through their BofA bank account, while the WSB bank account is used primarily for processing payroll.

8. LCI, on the other hand, has three bank accounts. LCI's bank accounts are located at PNC Bank ("PNC"), Community Bank of Willowbrook ("CBW"), and Fifth Third Bank, N.A. ("Fifth Third"), all stable financial institutions.[2] Only the Fifth Third account had funds at the time of filing.

9. The LCI accounts are primarily attached to debit cards that both Debtors use to pay for daily fuel, miscellaneous supplies purchased online, and certain recurring charges such as phone and advertising. LCI has a debit card associated with the CBW account and a Paypal debit card associated with the Fifth Third account.

10. In order to continue operating their businesses in the ordinary course, the Debtors request an order allowing them to continue using their existing Cash Management System and Bank Accounts with minimal disruptions to their operations.

---

[2] The Debtors' accounts at BofA, WSB, PNC, CBW, and Fifth Third shall be referred to herein as the "Bank Accounts."

3

11. In addition, the Debtors request an order indicating that any bank that the Debtors use may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.  For the avoidance of doubt, the Debtors do not believe that any prepetition outstanding checks exist, but requests such relief out of an abundance of caution.

**RELIEF REQUESTED**

12. By this Motion, the Debtors request that this Court enter an order granting them authority to continue using their existing bank accounts, business forms, and cash management system, and authorize payment of all fees related thereto.

13. The Debtors also request that the Court authorize related relief authorizing their banks to receive, process, honor, and pay checks and electronic fund transfers and continue to provide the Debtors with cash management services, whether arising before or after the Petition Date.

**BASIS FOR RELIEF REQUESTED**

14. In order to mitigate the disruption caused by the bankruptcy filing and maximize the value of their estates in these Chapter 11 Cases, it is vital that the Debtors maintain their Cash Management System.

**A.    The Debtors Should Be Granted Authority to Continue Their Existing Bank Accounts and Business Forms**

15. The Operating Guidelines set forth by the Office of the United States Trustee (the "UST") generally requires a chapter 11 debtor to, among other things: (a) close all existing bank accounts and open new debtor-in-possession bank accounts; (b) establish a single

4

debtor-in-possession account for all estate monies required for the payment of taxes, including payroll taxes; and (c) acquire new checks for all debtor-in-possession accounts which bear the designation "Debtor-In-Possession," the bankruptcy case number, and the type of account.

16. The Debtors seek a waiver of the requirements of the UST's requirement that the Debtors open new debtor-in-possession bank accounts and close their existing Bank Accounts, which likely would cause substantial disruption in the Debtors' business and impair the Debtors' chapter 11 efforts in the short term. As explained herein, the Debtors' Bank Accounts, while not overly complex, are critical elements of an established Cash Management System that the Debtors must maintain in order to ensure the uninterrupted conduct of their businesses, especially with respect to the debit cards that are used to purchase daily supplies and pay for recurring services.

17. Thus, to ensure as smooth a transition into chapter 11 as possible, the Debtors submit that it is imperative that they be permitted to continue using their existing Bank Accounts during the pendency of the Chapter 11 Cases.

18. Accordingly, subject to the prohibition against honoring pre-petition checks without specific authorization from the Court, the Debtors request that their existing Bank Accounts be deemed debtor-in-possession accounts and that the maintenance and continued use of such Bank Accounts, in the same manner and with the same account numbers, styles, and document forms as those employed during the pre-petition period, be authorized.

19. In the ordinary course of their businesses, the Debtors use a variety of checks and other pre-printed business forms (collectively, the "Business Forms"). Because of the nature and scope of the Debtors' business operations and the number of suppliers of goods and services with whom the Debtors transact business on a regular basis, it is important that the Debtors be permitted to continue to use their Business Forms without alteration or change. To avoid disruption of their

5

Cash Management System and unnecessary expense, the Debtors request that they be authorized to continue to use their Business Forms substantially in the forms existing immediately before the Petition Date, without reference to their status as debtors-in-possession.

20. Because most parties doing business with the Debtors will have received notice of the bankruptcy and will likely be aware of the Debtors' status as debtors-in-possession, changing their Business Forms immediately would be unnecessary and unduly burdensome. This is especially true, given the size of the Debtors' operations and the number of bank accounts that they currently possess. In the absence of such relief, the estates will be required to bear a potentially significant administrative burden and expense, which the Debtors respectfully submit is unwarranted in the short-term and likely will have little or no attendant benefit to their estates or creditors.

21. In similar cases, courts in this District have allowed debtors to use their prepetition business forms without the "debtor in possession" label. See e.g., In re ITR Concession Company, LLC, Case No. 14-34284 (Bankr. N.D. Ill. Oct. 28, 2014) [Docket No. 185].

B.  **The Debtors Should Be Authorized to Continue to Use Their Existing Cash Management System to Preserve Their Estates**

22. The Debtors' Cash Management System includes the necessary accounting controls to enable the Debtors to trace funds through the system and ensure that all transactions are adequately documented and readily ascertainable. The Debtors will continue to maintain detailed records reflecting all transfers of funds.

23. The Debtors further request that each bank at which they have accounts be authorized and directed to continue to maintain, service, and administer the Bank Accounts, and requests that each bank at which the Debtors have accounts shall have no liability to any party for relying on the direction of the Debtors to pay any debts.

24. The Debtors submit that the relief requested herein is fully appropriate and supported by ample authority. Indeed, a debtor's continued use of a centralized cash management system has been recognized as fully consistent with section 363(c)(1) of the Bankruptcy Code, which allows a debtor-in-possession to use property of the estate in the ordinary course of business. See, e.g., In re Charter Co. v Prudential Ins. Co. of Am. (In re Charter Co.), 778 F.2d 617, 620-21 (11th Cir. 1985) (affirming district court dismissal of lender's attempted interlocutory appeal of an order in which the bankruptcy court authorized debtor to "continue to consolidate the management of their cash as has been usual and customary in the past, and to transfer monies from affiliated entity to entity, including operating entities that are not debtors herein").

25. Courts within this District have recognized the importance of continuity and stability in cash management systems and related processes and granted similar relief to that requested herein. See e.g., In re Arro Corp., Case No. 19-35238 (Bankr. N.D. Ill. Dec. 19, 2019) [Docket No. 32]; In re ITR Concession Company, LLC, Case No. 14-34284 (Bankr. N.D. Ill. Oct. 28, 2014) [Docket No. 185].

26. Based on the foregoing, the Debtors submit that maintenance of the existing Cash Management System is in the best interest of their estates and all parties in interest and is permitted under section 363(c)(1) of the Bankruptcy Code.

**WAIVER OF STAY UNDER RULE 6004(H)**

27. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As set forth throughout this Motion, any delay in the Debtors' ability to operate in the ordinary course of business going

7

forward would impair the Debtors' ability to optimize their business performance at this critical time as they begin the chapter 11 process.

28.  For this reason and those set forth above, to the extent required, the Debtors submit that ample cause exists to justify a waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h).

## NOTICE

29.  Notice of this Motion has been given via first-class mail to: (a) the Office of the United States Trustee; (b) each of the banks at which the Debtors have an account; (c) the parties listed on both Debtors' list of their twenty largest (20) unsecured creditors, as identified in their chapter 11 petitions; (d) the Subchapter V Trustee; (e) all taxing agencies listed in the Debtors' petition; and (f) all parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is required.

**WHEREFORE**, the Debtors respectfully request that this Court enter an order: (a) granting authority to continue using their existing bank accounts, business forms, and cash management system, and authorize payment of all fees related thereto; and (b) authorizing the Debtors' banks to receive, process, honor, and pay checks and electronic fund transfers and continue to provide the Debtors with cash management services, whether arising before or after the Petition Date.

*[Remainder of Page Intentionally Left Blank]*

Dated: April 13, 2021

Respectfully submitted,

**RUSTHOVEN ENTERPRISES, LLC,** *et al.*

By:    /s/ Harold D. Israel

Harold D. Israel, Esq.
Sean P. Williams, Esq.
**LEVENFELD PEARLSTEIN, LLC**
2 N. LaSalle St., Suite 1300
Chicago, IL 60602
Telephone: (312) 346-8380
e-mail: hisrael@lplegal.com
e-mail: swilliams@lplegal.com

*Proposed Counsel for the Debtors and Debtors in Possession*

9